IN THE UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF OKLAHOMA

FILED
JAN 20 2022
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

PAUL TAY )
   PETITIONER )
v ) 22CV-040 TCK-SH
THE HONORABLE )
JOSEPH R. BIDEN, RESPONDENT,

PETITION FOR WRIT OF MANDAMUS TO ENJOIN THE U.S. MILITARY COMMANDER-IN-CHIEF REMOVE INTRUDERS DEFINED BY ART. 15 1856 TREATY WITH CREEKS AND SEMINOLES

COMES NOW, THE PETITION BRING THE ABOVE-STYLED CAUSE, ON GROUNDS THE SUPREME COURT RECOGNIZES CREEK TREATIES IN FULL FORCE AND EFFECT, AND PRESENT EXTRAORDINARY CIRCUMSTANCES THAT WOULD REQUIRE THIS COURT TO IMMEDIATELY ASSUME JURISDICTION OF THE MATTER.

THE VENUE IS PROPER, UNDER THE MANDAMUS ACT. THE PETITIONER ASSERTS ARTICLE III STANDING ON GROUNDS AN INTRUDER, TULSA POLICE DEPARTMENT, ILLEGALLY ARRESTED THE PETITIONER, EXERCISING INCOMPETENT SHAM JURISDICTION NOT AUTHORIZED BY TREATIES OR FEDERAL LAW.

ANOTHER INTRUDER, STATE OF OKLAHOMA, WITHOUT TREATY-DEFINED COMPETENT JURISDICTION ON MUSCOGEE (CREEK) NATION, IS HOLDING THE PETITIONER IN DAVID L. MOSS DETENTION CENTER AND INTENTS TO PROCEED TO TRIAL.

(1)

Art. 4, 1856 Treaty with Creeks and Seminoles restricts the power of the United States to include the land embraced within the Muscogee (Creek) Nation in the State of Oklahoma.

She continues her long historical unlawful prosecutorial practices, indicted by the Supreme Court as "likely illegal," to try, convict, and sentence persons found guilty of violating her laws while on the Muscogee Nation.

Article 15, 1856 Treaty defines intruders as persons on the Muscogee (Creek) Nation who are not 1) the Nation's citizens by blood; 2) United States agents tasked with removing defined intruders; and 3) do not have the Nation's expressed consent allowing presence on the Nation's land.

The Respondent has clear compelling duty to enforce Art. 15, pursuant to federal law, 25 U.S.C. §180.

## Conclusions of Law

The Respondent failure to enforce Art. 15 violates treaty obligations and federal law.

The Petitioner is entitled to the above styled cause where the Respondent' inaction is extraordinary, in blatant contravention of the rule of law.

Tulsa Police Department and State of Oklahoma, and all other derivative political subdivisions are Art. 15 intruders on the Muscogee Nation.

(2)

THE PETITIONER AND OTHERS SIMILIARLY SITUATED SUFFERRED AND WILL SUFFER WITHOUT ENFORCEABLE COURT ORDER UPON THE RESPONDENT.

RESPECTFULLY,

Paul Thy

PETITIONER PRO SE

#1163908

DAVID L MOSS

300 N DENVER

TULSA, OK 74103

STATEMENTS OF THE CASE

1) THE PETITIONER IS CURRENTLY IN PRE-TRIAL DETETION AT DAVID L MOSS DETENTION CENTER, 300 N DENVER, TULSA, OK 74103.

2) IN THE CASE IN TULSA COUNTY, STATE OF OKLAHOMA, CF-2021-3343, THE PETITIONER CHALLENGES "OKLAHOMA'S AUTHORITY TO TRY NON-INDIANS FOR CRIMES AGAISNT NON-INDIAN ON LAND IN QUESTION," INDIAN TERRITORY, DEFINED BY ART 4, 1856 TREATY WITH CREEKS AND SEMINOLES, AND FEDERAL LAW, 18 USC 1151.

3) IN MAJORITY OPINION OF McGIRT V OKLAHOMA, 140 S.Ct. 2452, THE RESPONDANT CITED UNITED STATES V. McBRATNEY, 104 U.S. 621 (1882) TO SUPPORT ITS CLAIM, "NOTHING WE MIGHT SAY TODAY COULD UNSETTLE OKLAHOMA'S AUTHORITY TO TRY NON-INDIANS FOR CRIMES AGAINST NON-INDIANS ON THE LANDS IN QUESTION."

4) WORCESTER HELD THAT GEORGIA SHALL NOT EXTEND ITS JURISDICTION ON INDIAN TERRITORY.

5) ARTICLE 4, 1856 TREATY WITH CREEKS AND SEMINOLES STIPULATES, "THAT NO PORTION OF EITHER OF THE TRACTS OF COUNTRY DEFINED IN THE FIRST AND SECOND ARTICLES OF THIS AGREEMENT SHALL EVER BE EMBRACED OR INCLUDED WITHIN, OR ANNEXED TO, ANY TERRITORY OR STATE."

1